UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD W. PORTER, JR., <br><br> Plaintiff, <br><br> v. <br><br> MCDERMOTT FAMILY, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 24-40013-DHH |

## REPORT AND RECOMMENDATION

**February 2, 2024**

**Hennessy, M.J.**

*Pro se* Plaintiff Richard W. Porter, Jr. brings this action against the McDermott Family and James McDermott. Plaintiff is confined at the Worcester Recovery Center and Hospital. For the reasons stated below, the Court RECOMMENDS that this action be DISMISSED as frivolous.

**I.      Factual Background**

Plaintiff alleges that he possessed a deed in his name for 260 Grove St., Framingham, Massachusetts (the "Property") since 1995. Dkt. No. 1. Plaintiff alleges that "Herbert A. Harrison" then sold his property for $1,000,000 in August 2022 to Defendant James McDermott. *Id.* Porter claims that the city of Framingham lists the "McDermott Revokeable [sic] Trust" as the owner of the Property. *Id.* Plaintiff also claims that Framingham filed a lien on the Property in Mr. Harrison's name in December 2022. *Id.* Plaintiff alleges that he mailed a copy of his deed to Framingham and asked to be reinstated as the owner of the property, but the city has not

responded. *Id.* Plaintiff did not attach a copy of the deed to the Complaint. Plaintiff moves to clear his title and evict the McDermott family, who, he claims, owe Plaintiff eighteen months of rent. *Id.*

Plaintiff's claim that Defendant McDermott wrongfully occupies the Property is largely identical to claims Plaintiff has made in over eight other actions filed in this Court between October 3, 2023, and January 29, 2024, concerning properties in New Hampshire and Massachusetts.[1] *See, e.g.*, *Porter v. Morino*, C.A. 23-40133-MRG (concerning 16 Babson St., Wakefield, MA and 9 Brentwood Rd., North Reading, MA); *Porter v. Candia Police Dep't*, C.A. 23-40143-MRG (concerning 564 Old Candia Rd., Candia, NH); *Porter v. Thompson*, C.A. 23-40148-MRG (same); *Axcella Building Realty Trust v. Thompson*, C.A. 23-40151-MRG (same); *Porter v Candia Police*, C.A. 23-40152-MRG (same); *Porter v. State of New Hampshire*, C.A. No. 23-40157-MRG (same); *Porter v. St. Onge*, C.A. No. 23-40149-MRG (concerning 355 Deerfield Rd., Allenstown, NH); *Porter v. D + C Revocable Family Trust.*, CA 23-40170-MRG (same).

Plaintiff has also alleged that in 2017, upon the application of Nancy Morino (who resides at a Massachusetts property which is the subject of one of Plaintiff's lawsuits), the Malden District Court issued a harassment prevention order against a person named "Robert Porter," but that Plaintiff has been wrongfully committed for psychiatric treatment based on her false accusations that Plaintiff violated this abuse prevention order. *See, e.g.*, *Porter v. Commonwealth*, C.A. No. 23-40084-MRG.

---

[1] The Court takes judicial notice of documents Porter has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

Further, on April 17, 2017, after dismissal of his bankruptcy action in the Bankruptcy Court of the District of Massachusetts, Plaintiff filed documents in the closed action in which he sought eviction of individuals living in New Hampshire properties which he claimed to own. *See In re Porter*, Bankr. No. 17-10977 (Bankr. D. Mass.) (ECF #19) (referring to 6 Mallard Ln., Londonderry, NH; 38 Ritar Cir. Rd., Northwood NH; 3 Longre Rd., Merrimack, NH).

## II.   Discussion

A federal district court has inherent power to dismiss a frivolous action. *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Budnick v. Doe*, No. 14-1560, 2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Rather, in legal parlance, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, the Court is permitted to dismiss a case *sua sponte* without affording a plaintiff leave to amend his complaint when it is "crystal clear" that the plaintiff cannot prevail on the stated claims and any amendment would be futile. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001).

The Court concludes that the Complaint in this action, especially when viewed in the context of the Plaintiff's litigation history, lacks an arguable basis either in law or in fact. I focus first on the litigation history. Plaintiff has uniformly asked this Court, the state of New Hampshire, and the District of Massachusetts's Bankruptcy Court to adjudicate claims of wrongfully occupied property Plaintiff claims he owns without providing any proof that he rightfully owns the property. Furthermore, such allegations of ownership are belied by a motion

3

filed by Plaintiff in another action, where Plaintiff attests that he doesn't own any real estate or financial instrument of value. *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-41079-MRG (Dkt. No. 4).

Nothing in the handwritten, bare bones Complaint filed in this case reconciles or clarifies these inconsistencies. Indeed, the instant Complaint introduces additional circumstances that are in tension with allegations of ownership. For instance, Plaintiff alleges that he has possessed a lawful deed to the Property in his name since 1995, while simultaneously alleging that Herbert Harrison sold this same Property to the McDermott family in August 2022. Plaintiff does not even acknowledge, let alone explain, this twenty-seven-year gap or how Harrison came to possess title and authority to sell the Property. Nor does Plaintiff provide proof of ownership of the Property. Under all the foregoing circumstances, the Complaint, like others Plaintiff has filed for other properties, fails to show an arguable basis in law or in fact.

Further, for these same reasons, allowing Plaintiff to amend his complaint would be futile. The Court is mindful that a *sua sponte* dismissal without leave to amend is "strong medicine." *Gonzalez-Gonzalez*, 257 F.3d at 33. However, Plaintiff filings and litigation history in Massachusetts and New Hampshire strongly suggest his lawsuits are lacking a legal and factual basis.

Thus, the Court recommends this action be dismissed as frivolous and Plaintiff be denied leave to amend his complaint as doing so would be futile.

## IV. Conclusion

For the reasons set forth above, the undersigned RECOMMENDS that the action be DISMISSED as frivolous.[2]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[2] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See, e.g., M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).